Whitaker, Judge,
dissenting:
The main purpose of the Act was to reimburse a civilian ■employee for his expenses incident to his transfer from one ■official station to another, that is, the designated expenses in connection with his household goods and personal effects. If an employee be transferred from one official station to another and is unable to transport his household goods and personal effects to the. new station because he can find there no habitation in which he can use them, but if he has incurred as a result of his transfer any of the expenses designated in the Act in connection with taking care of them, it *453 would seem that it was the purpose of Congress to reimburse him therefor.
Had plaintiif had his goods packed and crated and hauled1 to a transportation company and this company had carried them to Philadelphia, and thereafter plaintiff had discovered' that he could find no habitation in which to use them and,, therefore, had been forced to store them in Philadelphia,, it would seem to be beyond question that he would have been entitled to recover the value of the packing and crating and the drayage' of them as well as the cost of the transportation of them. If, on the other hand, he took the precaution of' seeing whether or not he could find a place in his new location where he could use his goods before incurring the expenses of moving them there, and while doing so he was. compelled to put them in storage, and if it later turned out that he could not find a place where he could use them, it would seem he would be entitled to the named expenses incurred in having them cared for at his old station, provided only such expenses do not exceed the cost of the packing, crating, drayage, and transportation of them to his new official station. I cannot ascribe to Congress an intention to make transportation a prerequisite to reimbursement for expenses incurred, however foolish such transportation would have been.
But the defendant says that plaintiff is unable to recover by reason of the provisions of sections 1 and 3 of Executive-Order No. 9122, amending sections 5 and 11 of Executive Order No. 8588, both of which were issued under authority of the Act of October 10, 1940 (54 Stat. 1105; Title 5 U. S. C-73c-l). Section 5, as amended, provides:
•Shipment shall be by the most economical means, taking into consideration the cost of packing, crating, dray-age, unpacking, and uncrating: * * *
The defendant says that the most economical means of shipping these goods to Philadelphia undoubtedly would be by motor van and that usually packing, crating, and dray-age are not necessary when so shipped. Such facts do not appear from the petition and the case is before us on demurrer. Whether or not this is so, we are not informed. *454 It may be that packing, crating, and drayage are necessary whether shipped by motor van or not, or it may be that less packing and crating and drayage is necessary when ■shipped by motor van than when shipped by rail or water. 'These things are matters of proof and cannot be raised on -demurrer.
But even if it did appear that no packing, crating, and ^drayage was necessary when shipped by motor van', still, •under the first proviso of section 5 of the President’s Executive order, as amended, it would seem plaintiff would ’be entitled to recover the expense of packing, crating, and 'drayage necessary for any sort of transportation, provided the cost thereof did not exceed the cost of transportation by ithe most economical method, and of such packing, crating, ¡and drayage as was necessary when so transported. This ¡proviso reads:
Provided, hoto ever, That the employee may have his effects moved by some means other than' that determined to be most economical by paying the difference between the lowest available charges and the charges by the preferred means: * * *
In a case discussed in 5 Comp. Gen. 229, an Army officer was transferred from Norfolk to Washington. Prior to his transfer he had stored his household goods in Washington, the place to which he was transferred. There was no transportation incident to his transfer, but the Comptroller General nevertheless allowed him the cost of drayage from the place of storage at his new station to his residence, provided the cost thereof did not exceed the cost of packing, crating, and transportation from the old to the new .station. This was a perfectly sensible ruling and should be the guide for the decision in this case.
I think the plaintiff is entitled to recover for the cost of packing, crating, and drayage of his household goods from his residence in Washington to the place of storage in Washington, provided the cost thereof does not exceed the cost of such packing, crating, and drayage and the cost of transportation to Philadelphia by the most economical means.
JoNEs, Judge, took no part in the decision of this case.